# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.:

BRYAN GLYNN,

    Plaintiff,

v.

CIGAR CAVE LOUNGE INC.,

    Defendant.

_____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BRYAN GLYNN by and through undersigned counsel, brings this Complaint against Defendant CIGAR CAVE LOUNGE INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff BRYAN GLYNN ("Glynn"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted works of authorship.

2. Glynn is an experienced professional photographer. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many

awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn retains all copyrights to his photographs. Glynn licenses his copyrighted works, such as the ones in this case, for commercial use.

4. Defendant CIGAR CAVE LOUNGE INC. ("CCLI") is an online cigar retailer based in Palm Harbor, Florida.

5. Glynn alleges that CCLI copied Glynn's copyrighted work from the internet in order to advertise, market and promote its business activities. The Defendant committed the violations alleged in connection with CCLI's business for purposes of advertising and promoting sales to the public in the course and scope of the CCLI's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. CCLI is subject to personal jurisdiction in Florida.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, CCLI engaged in infringement in this district, CCLI resides in this district, and CCLI is subject to personal jurisdiction in this district.

## DEFENDANT

10. Cigar Cave Lounge Inc. is a Florida corporation with its principal place of business at 37748 US Highway 19 North, Palm Harbor, Florida, 34684, and can be served by serving its Registered Agent, Mr. Wafaa Mansour at the same address.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

## THE COPYRIGHTED WORK AT ISSUE

11. GlynnGlynn created 21 photographs which are shown below and referred to herein as the "Works".









**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431





**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431









**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431





**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431




**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431





**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431





**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431







12. At the time he created the Works, Glynn applied copyright management information to the Works consisting of the word "BGPictures" located in the bottom left corner of the photographs.

13. Glynn registered the Works with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409. The Certificate of Registration is attached hereto as Exhibit 1.

14. At all relevant times Glynn was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. CCLI has never been licensed to use the Works at issue in this action for any purpose.

16. On a date after the Works at issue in this action were created, but prior to the filing of this action, CCLI copied the Works.

17. CCLI copied Glynn's copyrighted Works without Glynn's permission.

18. After CCLI copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its online cigar sale business.

19. CCLI copied and distributed Glynn's copyrighted Works in connection with CCLI's business for purposes of advertising and promoting CCLI's business, and in the course and scope of advertising and selling products and services.

20. Glynn's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. CCLI committed copyright infringement of the Works as evidenced by Exhibit 2.

22. Glynn never gave CCLI permission or authority to copy, distribute or display the Works at issue in this case.

23. Glynn notified the CCLI of the allegations set forth herein on October 17, 2017 and November 14, 2017. To date, CCLI has failed to respond to Plaintiff's Notice. Copies of the Notices to the CCLI are attached hereto as Exhibit 3.

24. When CCLI copied and displayed the Works at issue in this case, CCLI removed Glynn's copyright management information from the Works.

25. Glynn never gave CCLI permission or authority to remove copyright management information from the Work at issue in this case.

26. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Glynn owns a valid copyright in the Works at issue in this case.

29. Glynn registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. CCLI copied, displayed, and distributed the Works at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

31. CCLI performed the acts alleged in the course and scope of its business activities.

32. Glynn has been damaged.

33. The harm caused to Glynn has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

35. The Works at issue in this case contain copyright management information ("CMI").

36. CCLI knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

37. CCLI committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Works at issue in this action protected under the Copyright Act.

38. CCLI caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Glynn's rights in the works at issue in this action protected under the Copyright Act.

39. Glynn has been damaged.

40. The harm caused to Glynn has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant CCLI that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: December 12, 2017        Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL 33431

ALEXANDER C. COHEN
Florida Bar Number: 1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Bryan Glynn*