**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:17-CV-03013-EAK-MAP**

BRYAN GLYNN,

    Plaintiff,

v.

CIGAR CAVE LOUNGE, INC.,

    Defendant.
_____/

**ANSWER**

Defendant, CIGAR CAVE LOUNGE, INC. ("Defendant") responds to Plaintiff, BRYAN GLYNN'S, Complaint and states:

**SUMMARY OF THE ACTION**

1. Plaintiff BRYAN GLYNN ("Glynn"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted works of authorship.

**ANSWER**: Without knowledge therefore denied.

2. Glynn is an experienced professional photographer. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

**ANSWER**: Without knowledge therefore denied.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many

awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn retains all copyrights to his photographs. Glynn licenses his copyrighted works, such as the ones in this case, for commercial use.

**ANSWER**: Without knowledge therefore denied.

4. Defendant CIGAR CAVE LOUNGE INC. ("CCLI") is an online cigar retailer based in Palm Harbor, Florida.

**ANSWER**: Admit.

5. Glynn alleges that CCLI copied Glynn's copyrighted work from the internet in order to advertise, market and promote its business activities. The Defendant committed the violations alleged in connection with CCLI's business for purposes of advertising and promoting sales to the public in the course and scope of the CCLI's business.

**ANSWER**: Admit that Glynn alleges that CCLI copied Glynn's copyrighted work from the internet in order to advertise, market and promote its business activities. Denied as to the remaining allegations.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**ANSWER**: Admit for jurisdictional purposes only.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER**: Admit for jurisdictional purposes only.

8. CCLI is subject to personal jurisdiction in Florida.

**ANSWER**: Admit for jurisdictional purposes only.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, CCLI engaged in infringement in this district, CCLI resides in this district, and CCLI is subject to personal jurisdiction in this district.

**ANSWER**: Admit that venue is appropriate in this district and that CCLI resides and is subject to personal jurisdiction in this district. Denied as to the remaining allegations.

## DEFENDANT

10. Cigar Cave Lounge Inc. is a Florida corporation with its principal place of business at 37748 US Highway 19 North, Palm Harbor, Florida, 34684, and can be served by serving its Registered Agent, Mr. Wafaa Mansour at the same address.

**ANSWER**: Admit that Cigar Cave Lounge Inc. is a Florida corporation with its principal place of business at 37748 US Highway 19 North, Palm Harbor, Florida, 34684, and can be served at its Registered Agent, Wafaa Mansour, at the same address.

11. GlynnGlynn created 21 photographs which are shown below and referred to herein as the "Works".

**ANSWER**: Without knowledge therefore denied.

12. At the time he created the Works, Glynn applied copyright management information to the Works consisting of the word "BGPictures" located in the bottom left corner of the photographs.

**ANSWER**: Without knowledge therefore denied.

13. Glynn registered the Works with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409. The Certificate of Registration is attached hereto as Exhibit 1.

**ANSWER**: Admit that there is a copyright registration with the registration number VAu 1-271-409 attached as Exhibit "1." Without knowledge at to the remaining allegations therefore denied.

14. At all relevant times Glynn was the owner of the copyrighted Works at issue in this case.

**ANSWER**: Without knowledge therefore denied.

## INFRINGEMENT BY DEFENDANT

15. CCLI has never been licensed to use the Works at issue in this action for any purpose.

**ANSWER**: Without knowledge therefore denied.

16. On a date after the Works at issue in this action were created, but prior to the filing of this action, CCLI copied the Works.

**ANSWER**: Denied.

17. CCLI copied Glynn's copyrighted Works without Glynn's permission.

**ANSWER**: Denied.

18. After CCLI copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its online cigar sale business.

**ANSWER**: Admit that CCLI includes images of cigars on the internet accompanied by a written description of the cigar to advertise and promote the specific cigar that is the subject of such written description. Denied as to the remaining allegations.

19. CCLI copied and distributed Glynn's copyrighted Works in connection with CCLI's business for purposes of advertising and promoting CCLI's business, and in the course and scope of advertising and selling products and services.

**ANSWER**: Admit that CCLI includes images of cigars on the internet accompanied by a written description of the cigar to advertise and promote the specific cigar that is the subject of such written description.  Denied as to the remaining allegations.

20.   Glynn's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

**ANSWER**:  Without knowledge therefore denied.

21.   CCLI committed copyright infringement of the Works as evidenced by Exhibit 2.

**ANSWER**:  Denied.

22.   Glynn never gave CCLI permission or authority to copy, distribute or display the Works at issue in this case.

**ANSWER**:  Without knowledge therefore denied.

23.   Glynn notified the CCLI of the allegations set forth herein on October 17, 2017 and November 14, 2017.  To date, CCLI has failed to respond to Plaintiff's Notice. Copies of the Notices to the CCLI are attached hereto as Exhibit 3.

**ANSWER**:  Admit that Glynn provided two letters to CCLI dated October 17, 2017, and November 14, 2017, that are attached as Exhibit 3 prompting CCLI to remove the Works from the website.   Denied as to the remaining allegations.

24.   When CCLI copied and displayed the Works at issue in this case, CCLI removed Glynn's copyright management information from the Works.

**ANSWER**:  Denied.

25.   Glynn never gave CCLI permission or authority to remove copyright management information from the Work at issue in this case.

**ANSWER**:  Without knowledge therefore denied.

5

26. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

**ANSWER**: Without knowledge therefore denied.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

**ANSWER**: Defendant incorporates the responses to Paragraphs 1 through 26 herein.

28. Glynn owns a valid copyright in the Works at issue in this case.

**ANSWER**: Without knowledge therefore denied.

29. Glynn registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**ANSWER**: Without knowledge therefore denied.

30. CCLI copied, displayed, and distributed the Works at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

**ANSWER**: Denied.

31. CCLI performed the acts alleged in the course and scope of its business activities.

**ANSWER**: Denied.

32. Glynn has been damaged.

**ANSWER**: Denied.

33. The harm caused to Glynn has been irreparable.

**ANSWER**: Denied.

**COUNT II**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

34. Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

**ANSWER**: Defendant incorporates the responses to Paragraphs 1 through 26 herein.

35. The Works at issue in this case contain copyright management information ("CMI").

**ANSWER**: Denied.

36. CCLI knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

**ANSWER**: Denied.

37. CCLI committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Works at issue in this action protected under the Copyright Act.

**ANSWER**: Denied.

38. CCLI caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Glynn's rights in the works at issue in this action protected under the Copyright Act.

**ANSWER**: Denied.

39. Glynn has been damaged.

**ANSWER**: Denied.

40. The harm caused to Glynn has been irreparable.

**ANSWER**: Denied.

WHEREFORE, Defendant demands that judgment be entered against Plaintiff, and that Defendant be entitled to recover its reasonable attorneys' fees and costs as the prevailing party with respect to Plaintiff's copyright infringement claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 20, 2018, a true and correct copy of the foregoing has been electronically filed with the Clerk using the CM/ECF system which will provide electronic service to the parties on the Service List below.

/s/ Zachary D. Messa
**Zachary D. Messa, Esquire**
Florida Bar No. 513601
**JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**
911 Chestnut Street
Clearwater, Florida 33756l
(727) 461-1818
Fax (727) 462-0965
Email: zacharym@jpfirm.com

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CASE NO. 8:17-CV-03013**

**SERVICE LIST**

Joel Benjamin Rothman
joel.rothman@sriplaw.com
Alexander C. Cohen
alex.cohen@sripla.com
Schneider Rothman Intellectual Property
Schneider Rothman IP Law Group
4651 N Federal Hwy
Boca Raton, FL 33431-5133
Office: 561-404-4335
Fax: 561-404-4353
Counsel for Plaintiff Bryan Glynn